# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 5, 2014

Lyle W. Cayce
Clerk

No. 13-50841
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARTURO ISAIAS COREAS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-1843

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Arturo Isaias Coreas (Coreas) appeals the sentence imposed after he pleaded guilty to illegally reentering the United States after deportation. He contends that the sentence is greater than necessary to satisfy the sentencing factors of 18 U.S.C. § 3553(a), partly because the district court clearly erred in weighing the relevant sentencing factors, and partly because the Sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50841

Guidelines for illegal reentry are not empirically based so as to afford a presumption of reasonableness to his sentence.

The sentence is reviewed for reasonableness under an abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 46 (2007); *Rita v. United States*, 551 U.S. 338, 351 (2007). Because the guidelines range was properly calculated, Coreas's sentence within that range is presumed reasonable. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Coreas concedes our precedent forecloses his challenge to the presumption of reasonableness based on the lack of an empirical basis for the Guidelines for illegal reentry; he presents this issue only to preserve it for possible future review. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009; *United States v. Mondragon-Santiago*, 564 F.3d 357, 366 (5th Cir. 2009). In all other respects, Coreas merely asks us to substitute his assessment of the sentencing factors for the district court's assessment, which is contrary to the deferential review dictated by *Gall* and *Rita*. The judgment of the district court is AFFIRMED.